UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEMENT BROWN, JR.,

          Plaintiff,                     CIVIL ACTION NO. 10-13016

          v.                       DISTRICT JUDGE MARK A. GOLDSMITH

DEANDRE CORTEZ WAY p/k/a SOULJA    MAGISTRATE JUDGE MARK A. RANDON
BOY, JUSTIN BENJAMIN ALEX RUCKER
p/k/a JBAR, ABRAHIM MUSTAFA p/k/a
ARAB, and S.O.D. MONEY GANG
ENTERTAINMENT, INC., a Georgia
Corporation,

          Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION (DKT. NO. 9), TO DENY PLAINTIFF'S MOTION FOR
LEAVE TO TAKE DISCOVERY (DKT. NO. 12) AND TO DENY PLAINTIFF'S
EMERGENCY MOTION FOR A PRESERVATION ORDER (DKT. NO. 23)**

## I.  INTRODUCTION

       This is a copyright infringement action.  Plaintiff Clement Brown, Jr. (Plaintiff) alleges

that Defendants Deandre Cortez Way p/k/a Soulja Boy Tellem (Defendant Way), Justin

Benjamin Alex Rucker p/k/a Jbar (Defendant Rucker), Abrahim Mustafa p/k/a Arab (Defendant

Mustafa) and S.O.D. Money Gang Entertainment, Inc. (Defendant S.O.D. Money Gang)

misappropriated a certain slogan known as "Laundry Money" that Plaintiff claims to have

authored.

-1-

Now before the Court is Defendants Way and S.O.D. Money Gang's motion to dismiss for lack of personal jurisdiction (Dkt. No. 9), Plaintiff's motion to take immediate and expedited discovery concerning personal jurisdiction (Dkt. No. 12) and Plaintiff's emergency motion for a preservation order (Dkt. No. 23).[1]  All three of these motions were referred to the undersigned by Judge Mark A. Goldsmith (Dkt. Nos. 11, 13 & 25).  The issues presented have been fully briefed and the Court heard oral argument on March 1, 2011.

For the reasons that follow, it is **RECOMMENDED** that Defendants Way and S.O.D. Money Gang's motion to dismiss for lack of personal jurisdiction be **GRANTED**, that Plaintiff's motion for leave to take discovery be **DENIED** and that Plaintiff's emergency motion for a preservation order be **DENIED**.  Plaintiff's claims against Defendants Way and S.O.D. Money Gang should be **DISMISSED, WITHOUT PREJUDICE**.

## II.  BACKGROUND

Plaintiff is a resident of Michigan (Compl. ¶ 1, Dkt. No. 1).  Defendant Way is a resident of Georgia (*Id*. ¶¶ 2, 4 & 6).  Defendant Way is a musical performer, songwriter and producer who performs under the name "Soulja Boy Tellem" (Dkt. No. 9; Ex. 1; Decl. of Defendant Way).  Defendant Way is also the principal and sole owner of Defendant S.O.D. Money Gang.  *Id.*  Defendant S.O.D. Money Gang is a Georgia corporation with its principal place of business in Atlanta, Georgia (Compl. ¶ 8, Dkt. No. 1).

---

[1]  Defendants Rucker and Mustafa have not moved to dismiss; however, it does not appear that Plaintiff has been able to effectuate service of the Summons and Complaint on Defendants Rucker and Mustafa.

**A.  Underlying Dispute**

Plaintiff is a clothing designer and alleges that he authored a certain textual work known

as "Laundry Money," which reads as follows:

> grind…hustle hard…double up…
> flip…stack…get your weight up…
> save…cop…invest…re-cop…reinvest….
> own your own business...
> buy property…network…
> build credit…stay determined…
> stay focused...stay dedicated...
> and Keep...
> LAUNDRY MONEY
> "clean clothes 4 dirty work"

(*Id.* ¶ 15).  Plaintiff alleges that Defendant Way has posted a phrase known as the "Code of

Honor" on his profile pages on two social networking websites – www.myspace.com and

www.bebo.com (*Id.* ¶ 20; Ex. C).  According to the Complaint, Defendants' "Code of Honor"

contains the following words:

> Grind .. Hustle .. Double Up .. Flip .. Stack.. Get Yo Weight Up .. Save .. Shop .. Invest.. Recoup ..
> Own Your Own Business .. Buy Property .. Network.. Build Credit.. Stay Determined .. Stay
> Focused .. Stay Dedicated .. Never Lie To Your Higher Authority .. Have Goals .. Always
> Represent.. Always Remember Money First.. Use Your Head .. Business First.. Plan Ahead ..
> Never Snitch .. Don't Be Afraid .. Always Be Prepared .. Stay On Time .. Sleep 10% .. Gang Colors
> Yellow and Green .. Never Betray The Boss .. You Only Get One Shot.. GET MONEY ....

(*Id.* ¶ 20).  Second, the Plaintiff contends that Defendant Way has infringed Plaintiff's copyright

and trademark rights in the "Laundry Money" slogan by getting a tattoo on his chest that

allegedly bears the following words:

> Grind Hustle
> Invest Sleep 10%
> Save Get
> Money

(*Id.* ¶ 22).  The Complaint further alleges that a picture of this tattoo has appeared in a magazine called "Urban Ink" (*Id.*, ¶ 24).

Based upon the aforementioned factual allegations, Plaintiff asserts five causes of action against Defendants: copyright infringement, unfair competition pursuant to 15 U.S.C. § 1125(a), violation of the Michigan Consumer Protection Act, unjust enrichment, and common law unfair competition.

### B. Defendants Alleged Contacts With Michigan

As discussed in greater detail in the analysis section below, Plaintiff's written response to Defendants Way and S.O.D. Money Gang's motion to dismiss does not present any affirmative arguments as to why this Court has personal jurisdiction over Defendants Way and S.O.D. Money Gang.  Rather, any factual allegations concerning personal jurisdiction are contained in Plaintiff's separately filed motion for leave to take jurisdiction discovery or in Plaintiff's separately filed emergency motion for a preservation order.  Notably, neither Plaintiff's motion for leave to take discovery nor his motion for an emergency preservation order were supported by affidavits.[2]

Plaintiff argues in his discovery motions, in somewhat conclusory fashion, that "good cause" exists to permit him to take discovery since: (1) the Laundry Money slogan appeared on a third website allegedly operated by Defendant Way – http://souljaboyhd.com (Dkt. No. 12 at 3); (2) Defendants Way and S.O.D. Money Gang may operate certain websites –

---

[2]  Plaintiff did file an affidavit as an attachment to his reply brief in support of his motion to take jurisdictional discovery (Dkt. No. 18; Ex. B).  However, Plaintiff's affidavit testifies concerning a meeting between Defendant Way and Plaintiff at a clothing show in Nevada.  The undersigned fails to see how Plaintiff's meeting Defendant Way in *Nevada* would support Plaintiff's claim that the Court has personal jurisdiction over Defendant Way in *Michigan*.

http://www.sodmoneygang.com, http://sodmg-records.com and http://souljaboytellem.com,

which, Plaintiff avers, permit users in Michigan to purchase goods or to book Defendant Way to

perform at Michigan venues (Dkt. No. 12 at 6); and (3) that Defendant Way has performed

concerts in venues within this judicial district (*Id.*).  Finally, Plaintiff's counsel argued during the

hearing in this matter that Defendant Way may be a spokesperson for a Texas Company known

as "Yums Shoes," which, according to Plaintiff, sells product in Michigan.

These facts appear to be the sum total of Plaintiff's arguments as to why this Court has

personal jurisdiction over Defendants Way and S.O.D. Money Gang.

### III.  LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Fed. R. Civ. P. 12(b)(2) authorizes the filing of motions to dismiss for lack of personal

jurisdiction.  As stated by the Sixth Circuit, when:

> [p]resented with a properly supported 12(b)(2) motion and
> opposition, the court has three procedural alternatives: it may
> decide the motion upon the affidavits alone; it may permit
> discovery in aid of deciding the motion; or it may conduct an
> evidentiary hearing to resolve any apparent factual questions.
>
> The court has discretion to select which method it will follow, and
> will only be reversed for abuse of that discretion.

*Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citations omitted).  When a

defendant challenges personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff bears the

burden of establishing the existence of personal jurisdiction.  *See Int'l Tech. Consultants, Inc. v.

Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997).  In the face of a properly supported motion for

dismissal, the "plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set

forth specific facts showing that the court has jurisdiction."  *E&M Props. v. Razorgator, Inc.*,

2008 WL 1837261, at *2 (E.D. Mich. Apr. 23, 2008) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)).

## IV. <u>ANALYSIS</u>

In the typical case, once a defendant has filed a motion to dismiss for lack of personal jurisdiction, the plaintiff will file a factual response that, at a minimum, attempts to support the plaintiff's contention that the Court has personal jurisdiction over the defendant. The Court then decides whether to decide the motion upon the affidavits alone, permit discovery or hold an evidentiary hearing. *See Theunissen*, 935 F.2d at 1458 (citing *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). Again, it is within the District Court's discretion to decide the method it will employ in deciding the motion. *See Theunissen*, 935 F.2d at 1458 (citations omitted).

This case, however, does not present the typical situation. Here, Defendants Way and S.O.D. Money Gang filed a properly supported motion for dismissal, but Plaintiff's response to Defendants' motion does not directly address Defendants' jurisdictional arguments. Instead, in opposing dismissal, Plaintiff contends that Defendants Way and S.O.D. Money Gang have "arguably waived" their jurisdictional defenses by: (a) asserting arguments in their motion papers that  purportedly address the "merits" of Plaintiff's claims; and (b) engaging in "informal discovery" by requesting a copy of Plaintiff's copyright registration deposit from Plaintiff's counsel. Plaintiff's response brief further argues that Defendants' counsel's (Mr. Movit) supporting affidavit should be stricken. By way of separate motions, Plaintiff also asks the Court for leave to take discovery regarding personal jurisdiction and asks that the Court issue a "preservation order" preventing Defendants from altering certain web sites.

-6-

First, Plaintiff's "waiver" argument is not well-taken.  A defendant who has moved for dismissal for lack of personal jurisdiction in its first Rule 12 motion does not waive its defense of lack of personal jurisdiction merely by also raising other defenses in that motion, or even by participating in discovery.  *See, e.g., Dreyer v. Exel Indus., Inc.*, 2007 WL 1584205, at *4 (E.D. Mich. May 31, 2007).  Indeed, Fed. R. Civ. P. 12(g) expressly allows a defendant to move simultaneously for dismissal on the grounds of lack of personal jurisdiction under Rule 12(b)(2) and for failure to state a claim under Rule 12(b)(6) – without waiving either defense.  *See, e.g., Suarez Corp. v. CBS, Inc*., 1994 WL 142785, at *1, *5 (6th Cir. Apr. 19, 1994) (affirming district court's dismissal of defendant on the ground of lack of personal jurisdiction when the defendant moved simultaneously for dismissal under Rule 12(b)(2) and Rule 12(b)(6)); *Chrysler Corp. v. Fedders Corp*., 643 F.2d 1229, 1232 (6th Cir. 1981) (same).

To support his "waiver" argument, Plaintiff relies upon inapplicable state court cases in which a defendant was held to have waived its jurisdictional defenses by making a "general appearance" instead of a "special appearance."  *See Gougeon Bros., Inc. v. Phoenix Resins, Inc*., 2000 WL 33534582, at *3 (Mich. App. Feb. 8, 2000); *Penny v. ABA Pharm. Co.*, 203 Mich. App. 178 (1994).  These state law cases are irrelevant here because "Rule 12(b)(2) of the Federal Rules of Civil Procedure abolished the distinction between 'special' and 'general' appearances in 1938."  *Cox v. Bombardier, Inc*., 2006 WL 273538, at *3 (M.D. Tenn. Feb. 1, 2006) (citing *Haile v. Henderson Nat'l Bank*, 657 F.2d 816, 820 n.4 (6th Cir. 1981)).

As to Plaintiff's attack on Mr. Movit's affidavit, Plaintiff avers that this affidavit contains "immaterial" and "impertinent" subject matter, as the assertions contained therein are irrelevant to personal jurisdiction.  Plaintiff may very well be correct – Mr. Movit's affidavit discusses the

-7-

contents of Plaintiff's "blog" and also attaches printouts from www.bebo.com and

www.myspace.com stating the numbers of users for each website. However, the more important

submission is the declaration of Defendant Way (Dkt. No. 9; Ex. 1), to which Plaintiff does not

substantively respond.

In any event, the Court finds that Plaintiff has demonstrated no reason for the Court to

grant him leave to take discovery. First, thus far, Plaintiff has made only conclusory allegations

that the Court has jurisdiction over Defendants Way and S.O.D. Money Gang. Plaintiff has set

forth absolutely no facts in his response to Defendants Way and S.O.D. Money Gang's motion to

dismiss that would support a finding by the Court that Defendants Way and S.O.D. Money Gang

are subject to personal jurisdiction in this district. Second, the factual arguments advanced in

Plaintiff's discovery motions – (1) that Defendants Way and S.O.D. Money Gang's websites

allow Michigan residents to "book" Defendant Way to appear in Michigan; (2) that Defendant

Way has, in fact, appeared in concert in Michigan; and (3) that Defendant Way might be a

spokesperson for Yums Shoes – are simply not enough to confer personal jurisdiction over

Defendants Way and S.O.D. Money Gang in this Court. To be entitled to discovery to oppose a

Rule 12(b)(2) motion, a plaintiff must have filed a response raising a *prima facie* claim of

personal jurisdiction. *See O'Guin v. Ehingen GmbH*, 2010 WL 3170505, at *2 (E.D. Mich.

Aug.11, 2010). Here, Plaintiff has not done so.

For the same reasons, the undersigned finds no reason to hold an evidentiary hearing to

resolve any factual questions related to discovery. Therefore, the undersigned recommends that

Defendants Way and S.O.D. Money Gang's motion to dismiss be granted based upon on the

briefs filed by the parties (together with any supporting affidavits and declarations attached to

such briefs).  In other words, the undersigned finds that the lack of personal jurisdiction is readily

evident, and that discovery would serve no purpose.  *See Carribean Broadcasting Sys. Ltd. v.*

*Cable & Wireless PLC*, 148 F.3d 1080, 1089-90 (D.C. Cir. 1998) (applying a long-arm statute

similar to Michigan's and collecting decisions denying discovery where the plaintiff has failed to

present any jurisdictional facts or "colorable basis for jurisdiction" in response to a motion to

dismiss and supporting affidavit or where the plaintiff relies on "mere speculation" or

unsupported "hope" that discovery will uncover inaccuracies in a defendant's affidavit.)

Turning now to the substance of Defendants Way and S.O.D. Money Gang's motion to

dismiss, in analyzing challenges to personal jurisdiction, courts distinguish between "general"

and "specific" jurisdiction.  *Third Nat'l Bank in Nashville v. WEDGE Group Inc*., 882 F.2d 1087,

1089 (6th Cir. 1989).  General jurisdiction is personal jurisdiction over the defendant to

adjudicate claims not necessarily related to the defendant's contacts with the forum state,

provided the defendant's contacts with the forum state are of a "continuous and systematic"

nature.  *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002).  On the other hand, "[a]n exercise of

specific jurisdiction is proper where the claims in the case arise from or are related to the

defendant's contacts with the forum state."  *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th

Cir. 2005).  Each type of personal jurisdiction is discussed below.[3]

---

[3]  Although not directly relevant to this action, it bears noting that, in 2008, Plaintiff commenced a similar action in this Court against a company called The Funktionwear, Inc. ("Funktionwear"), in which he alleged that Funktionwear sold garments that purportedly infringed the Plaintiff's alleged copyright and trademark rights in the Laundry Money slogan.  *See Brown v. The Funktionwear, Inc.*, 2009 WL 2568508 (E.D. Mich. Aug. 18, 2009).  On or about August 18, 2009, Hon. John Corbett O'Meara, granted Funktionwear's motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(2) on the ground that the Eastern District of Michigan lacked personal jurisdiction over Funktionwear.  *Id.*

### A. General Jurisdiction

General jurisdiction is appropriate "only where a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Bird*, 289 F.3d at 873. Plaintiff does not suggest that Defendant S.O.D. Money Gang is a Michigan corporation or that it has consented to jurisdiction. As to Defendant Way, the only arguable connection he has to Michigan is that he has appeared in concert here. However, Defendant Way's concert appearances are simply not enough to subject him to personal jurisdiction in this Court.

In a similar case, *Jones v. Blige*, 2006 WL 1329247 (E.D. Mich. May 16, 2006), this Court held that the State of Michigan lacked general jurisdiction over a producer and recording artist named Andre Young p/k/a Dr. Dre, whose contacts with the forum state were limited to occasional concert performances in Michigan, visits to Michigan to produce numerous musical recordings, entering into contracts with Michigan-based musical artists, and litigating various unrelated actions in Michigan courts. *Id.* at *3-4. As the *Jones* court concluded: "the Defendant's contacts with Michigan are sporadic, not continuous and not systematic . . . ." *Id.* at *4. The same conclusion applies with equal force here.

Indeed, Plaintiff's counsel acknowledged during oral argument in this matter that the *Jones* case likely precluded general jurisdiction over Defendants Way and S.O.D. Money Gang, and that the only potential basis for general jurisdiction over Defendant Way might be his involvement as a spokesperson for "Yums Shoes." However, Plaintiff has not submitted any evidence of Defendant Way's involvement as a spokesperson for Yums Shoes and this alleged

-10-

connection to Michigan is nothing more than pure speculation.  The Court thus concludes that

Plaintiff has not established this Court's personal jurisdiction over Defendants Way and S.O.D.

Money Gang pursuant to Michigan's general jurisdiction statute.

### B.  Specific Jurisdiction

Plaintiff also asserts that Michigan's long-arm statutes establish this Court's personal

jurisdiction over Defendants Way and S.O.D. Money Gang.  MCL § 600.715 provides, in

pertinent part, for limited personal jurisdiction over corporations if the action arises out of:  "(1)

[t]he transaction of any business within the state, (2)[t]he doing or causing any act to be done, or

consequences to occur, in the state resulting in an action for tort, ... [or] (5)[e]ntering into a

contract for services to be performed or for materials to be furnished in the state by the

defendant."  MCL § 600.715.  The Michigan Supreme Court, in construing this statute, said that

"the transaction of any business ... includes 'each' and 'every' ... [i]t comprehends the slightest."

*Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1217 (6th Cir. 1989) (quoting *Sifers v.

Horen*, 385 Mich. 195, 199 n. 2 (1971)).

Similarly, MCL § 600.705 allows for limited personal jurisdiction over individuals, and

provides:

> The existence of any of the following relationships between an
> individual or his agent and the state shall constitute a sufficient
> basis of jurisdiction to enable a court of record of this state to
> exercise limited personal jurisdiction over the individual and to
> enable the court to render personal judgments against the
> individual or his representative arising out of an act which creates
> any of the following relationships:
>
> (1) The transaction of any business within the state.

        (2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.

        (3) The ownership, use, or possession of real or tangible personal property situated within the state.

        (4) Contracting to insure a person, property, or risk located within this state at the time of contracting.

        (5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.

        (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.

        (7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

The application of these statutes is limited by Constitutional concerns of due process. *See Onderik v. Morgan*, 897 F.2d 204, 208 (6th Cir. 1989); *Theunissen*, 935 F.2d at 1459. When a long-arm statute extends to the constitutional limits of the Due Process Clause, the statutory and constitutional inquiries merge, and the Court "need only determine whether the assertion of personal jurisdiction over [the defendant] violates constitutional due process." *Nationwide Mut. Ins. Co. v. Tryg Intern. Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996). Accordingly, the Court's inquiry with respect to Michigan's long-arm statute will be limited to the due process question.

        To exercise personal jurisdiction over a defendant pursuant to a long-arm statute in a way that satisfies due process, the defendant must have had minimum contacts with the forum so that the exercise of jurisdiction would comport with "traditional notions of fair play and substantial

-12-

justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1944).[4]  In determining whether a

nonresident defendant has had sufficient contacts to support limited personal jurisdiction, three

criteria apply:

> First, the defendant must purposefully avail himself of the privilege
> of acting in the forum state or causing a consequence in the forum
> state.  Second, the cause of action must arise from the defendant's
> activities there.  Finally, the acts of the defendant or consequences
> caused by the defendant must have a substantial enough connection
> with the forum state to make the exercise of jurisdiction over the
> defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

        In this case, Plaintiff's claims are premised upon his allegations that alleged website

postings by Defendants of the so-called "Code of Honor" slogan on certain social networking

web sites and the display of Defendant Way's tattoo in "Urban Ink" magazine infringed

Plaintiff's alleged copyright and trademark rights.  Defendants aver that any alleged contacts

between the Defendants and the State of Michigan that have not caused these particular claims to

have arisen are simply not relevant to the specific jurisdiction analysis.  Defendants are correct.

*See, e.g., Flagstar Bank v. Freestar Bank*, 2008 WL 4539389, at *3 (E.D. Mich. Oct. 7, 2008)

(the mere display of an allegedly infringing mark on the defendant's website is insufficient to

confer specific jurisdiction over the defendant in Michigan).

        As noted earlier, Plaintiff also alleges that Defendant Way and S.O.D. Money Gang may

operate a web site that allows users in Michigan to purchase goods or book Defendant Way for a

---

[4]  Under the Fourteenth Amendment, the due process requirement serves two functions: 1) it protects the
defendant against the burden of litigating in a distant or inconvenient forum; and 2) it ensures that the states do not
reach out beyond the limits imposed on them as coequal sovereigns.  *See Handley v. Ind. & Mich. Electric Co.*, 732
F.2d 1265, 1271 (6th Cir. 1984).

-13-

concert appearance.  Courts have grappled with personal jurisdiction with the rise of the internet.
The first of such efforts is an opinion from the Western District of Pennsylvania, which defined
three categories of interactivity for a website, commonly referred to as the "*Zippo* sliding scale."
*See, e.g., Zippo Mfg. Co. v. Zippo DOT Com*, 952 F.Supp. 1119 (W.D. Pa. 1997).  The Sixth
Circuit has utilized the *Zippo* sliding scale analysis in a personal jurisdiction case involving the
Internet.  *See Neogen Corp. v. Neo Gen Screening*, 282 F.3d 883, 890 (6th Cir. 2002).  The first
category of the *Zippo* sliding scale is a highly interactive website, which gives others the ability
to download and enter into contracts.  *See CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1264
(6th Cir. 1996).  This category is sufficient for a Court to exercise personal jurisdiction.  *See id.*
The second category is "a middle ground where information can be exchanged between the
viewer and the host computer.  In such a case, the court examines the level of interactivity and
the commercial nature of the exchange of the information."  *Zippo*, 952 F.Supp. at 1124; *see
Citigroup Inc., v. City Holding Co.*, 97 F.Supp.2d 549, 564-65 (S.D. N.Y. 2000).  The last
category is where the defendant makes information available on an otherwise passive website.
*See id; see also Marynard v. Philadelphia Cervical Collar Co., Inc*., 18 Fed.Appx. 814, 816-17
(Fed. Cir. 2001) (citing *Cybersell, Inc. v. Cybersell, Inc*., 130 F.3d 414, 419-20 (9th Cir. 1997);
*Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336-37 (5th Cir. 1999)).  A "passive" website is one that
simply provides information; customers cannot transact business (*e.g*., purchase products) on a
passive website.  *Marynard*, 18 Fed.Appx. at 816-17.  A website is passive even when it contains
information regarding a company's products and services and displays the company's contact
information.  *See id.* at 817.  A "passive website is insufficient to establish purposeful availment

-14-

for the purpose of due process." *McGill v. Gourmet Technologies, Inc.*, 300 F.Supp.2d 501, 507 (E.D. Mich. 2004) (quoting *Maynard*, 18 Fed.App. at 816-17).

Defendants aver that it has never been possible for an individual to "book" Defendant Way to perform in concert through the http://sodmg-records.com website (Dkt. No. 16; Ex. 1; Way Decl. ¶ 7; *see also* Dkt. No. 29; Ex. 1; Bartkowiak Decl. ¶ 3). Rather, that web page merely allowed individuals who were interested in having Defendant Way (or certain other individuals affiliated with Defendant Way) perform to provide their contact information to Defendant Way's personal manager, Violator Management, so that consideration could be given to a proposed engagement. (*Id.*, ¶ 4). Furthermore, Defendants aver that, although the web site contains a data field entitled "Deposit," this field merely allowed an interested individual to propose a deposit amount for a proposed performance engagement by Defendant Way or another related artist, not actually to make a deposit. (*Id.*, ¶ 5).

The undersigned finds that the http://sodmg-records.com web site falls on the "passive" end of the *Zippo* scale. "The creation and the maintenance of an interactive website cannot – without more – serve as a sufficient basis upon which to subject a defendant to personal jurisdiction." *Flagstar Bank, F.S.B. v. Freestar Bank, N.A.*, 2008 WL 4539389, at *3 (E.D. Mich. Oct. 7, 2008) (citing *Winfield Collection, Ltd. v. McCauley*, 105 F. Supp. 2d 746, 751 (E.D. Mich. 2000)). Courts in this district have held that a website that merely allows users to provide contact information, and does not allow for a transaction to be consummated, does not satisfy the "purposeful availment" prong. *Digital Filing Sys., Inc. v. Frontier Consulting, Inc.*, 2006 WL 1663281, at *3 (E.D. Mich. June 13, 2006); *Inc. v. Imago Eyewear Pty Ltd.*, 2004 WL 5569067, at *5 (E.D. Mich. Oct. 12, 2004) (website that "allow[ed] internet users to inquire

-15-

about [defendant's] products by filling out an online form" but did not allow for a sale to be consummated did not satisfy the "purposeful availment" prong), aff'd, 167 Fed. Appx. 518 (6th Cir. 2006). The undersigned thus agrees with Defendants Way and S.O.D. Money Gang that availability of an informational form on the http://sodmg-records.com website simply does not give rise to personal jurisdiction over Defendants Way and S.O.D. Money Gang. *See Digital Filing Sys., Inc., supra.*

Furthermore, Defendant Way's concert appearances in Michigan appear to the undersigned to be wholly unrelated to Plaintiff's alleged injury. Plaintiff argued – unconvincingly – that Defendant Way may perform in concert with his shirt off, thus displaying his alleged infringing tattoo to the audience. The undersigned doubts very highly that the general public attends a Soulja Boy concert to view Defendant Way's tattoos, rather than to appreciate and enjoy Defendant Way's singing and dancing abilities. In any event, Plaintiff has not cited any authority holding that a public display of a tattoo would subject a person to personal jurisdiction.

Finally, it is also significant that Plaintiff does not allege that the http://sodmg-records.com website contained the purportedly infringing "Code of Honor." Because Plaintiff "does not allege that the website caused Plaintiff harm," it cannot give rise to jurisdiction over Defendants. *Pride Distributors, Inc. v. Nuzzolo*, 2007 WL 1098286, at *5 (E.D. Mich. Apr. 10, 2007) (in a copyright infringement action, holding that a website which did not contain the allegedly infringing material at issue does not give rise to long-arm jurisdiction because the website was not "the basis of the cause of action against Defendant."). Plaintiff argued during the hearing that http://sodmg-records.com has a link to one or more websites that

contain the infringing "Code of Honor."  Here again, however, the undersigned finds the link

insufficient to confer personal jurisdiction.  See e.g., *Con-Way Inc. v. Conwayracing.com*, No.

08-4263, 2009 WL 2252128 *2 (N.D. Cal. Jul. 28, 2009)("A passive website that merely

provides links to other sites but does not itself sell products within a forum is insufficient to

confer jurisdiction.).  For this same reason, any and all discovery which Plaintiff seeks regarding

concert performances and promotional appearances by Defendant Way in Michigan has

absolutely nothing to do with the alleged wrongs set forth in his Complaint.  Plaintiff's claims

simply do not arise from these alleged contacts.

In sum, the undersigned finds that Plaintiff has failed to establish a *prima facie* case of

the Court's personal jurisdiction over Defendants Way and S.O.D. Money Gang and Defendants'

motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) should be **GRANTED**.

## IV.  CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that Defendants Way and S.O.D.

Money Gang's motion to dismiss for lack of personal jurisdiction (Dkt. No. 9) be **GRANTED**,

that Plaintiff's motion for leave to take jurisdictional discovery (Dkt. No. 12) be **DENIED** and

that Plaintiff's emergency motion for a protective order (Dkt. No. 23) be **DENIED**.  Plaintiff's

claims against Defendants Way and S.O.D. Money Gang should be **DISMISSED, WITHOUT**

**PREJUDICE**.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140

(1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: March 31, 2011

## Certificate of Service

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, March 31, 2011, by electronic and/or ordinary mail.*

*s/Barbara M. Radke*
*Judicial Assistant to Magistrate Judge Mark A. Randon*
*(313) 234-5540*