UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEMENT BROWN, JR.,

      Plaintiff,     Civil Action No.
              10-cv-13016
vs.
              HON. MARK A. GOLDSMITH
DEANDRE CORTEZ WAY, et. al.,

      Defendants
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, DENYING ALL OTHER OUTSTANDING MOTIONS, and DISMISSING PLAINTIFF'S COMPLAINT**

**I. Introduction**

This matter is presently before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Mark Randon (Dkt. 31), entered on March 31, 2011. The Magistrate Judge recommends that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 9) be granted, that Plaintiff's Motion for Leave to Take Discovery (Dkt. 12) be denied, and that Plaintiff's Emergency Motion for a Preservation Order (Dkt. 23) be denied. Plaintiff has filed objections (Dkt. 32) and Defendants have filed a response (Dkt. 33). The Court has reviewed the briefing and, for the following reasons, accepts the R&R and adopts its findings as the conclusions of the Court.

**II. Background**

This is a copyright infringement case. Plaintiff Clement Brown, Jr., a Michigan resident, alleges that Defendants Deandre Cortez Way p/k/a "Soulja Boy Tellem," Justin Benjamin Alex Rucker p/k/a "Jbar," Abrahim Mustafa p/k/a "Arab" and S.O.D. Money Gang Entertainment,

1

Inc. (hereinafter, "SOD Money Gang") misappropriated a certain slogan known as "Laundry Money" that Plaintiff claims to have authored. Rucker and Mustafa have been voluntarily dismissed as defendants (Dkt. 35). Way is a musical performer, songwriter, and producer who performs under the name "Soulja Boy Tellem." Way is also the principal and sole owner of SOD Money Gang. Way is a resident of Georgia. SOD Money Gang is a Georgia corporation with its principal place of business in Georgia.

Plaintiff alleges that Defendants infringed Plaintiff's copyright by (i) posting a substantially similar variant of the slogan on various social networking websites, and by (ii) Way's getting a substantially similar variant of the slogan tattooed on his chest. Plaintiff's Complaint further alleges that a photo of Way's tattoo has appeared in a magazine called "Urban Ink."

Defendants filed a motion to dismiss (Dkt. 9) under Federal Rule of Civil Procedure 12(b)(2) claiming that this Court lacks personal jurisdiction over them. Plaintiff filed a response to Defendants' motion (Dkt. 14), as well as a motion for leave to take discovery on the issue of personal jurisdiction (Dkt. 12) and a motion for a preservation order (Dkt. 23) to prevent Defendants from altering certain web sites.

### III. Discussion

Rule 12(b)(2) authorizes the filing of motions to dismiss for lack of personal jurisdiction. When a defendant challenges personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff bears the burden of establishing the existence of personal jurisdiction. See Int'l Tech. Consultants, Inc. v. Euroglas S.A., 107 F.3d 386, 391 (6th Cir. 1997). A "plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991).

As the Magistrate Judge noted, Plaintiff's response to Defendants' motion (Dkt. 14) did not present any substantive arguments regarding the merits of Defendants' personal jurisdiction argument. Instead, Plaintiff's response argued that Defendants "arguably waived" their jurisdictional defenses, and that an affidavit filed with Defendants' motion to dismiss (that does not concern personal jurisdiction) should be stricken. Plaintiff presented his substantive arguments regarding personal jurisdiction – which the Magistrate Judge considered in preparing his R&R – in Plaintiff's own motion for leave to take discovery.

With respect to the issues addressed by Plaintiff in his response to Defendants' motion, to wit, the "waiver" argument and the objection to Defendants' affidavit, the Court adopts the Magistrate Judge's R&R. Plaintiff did not object to these findings in his objections and, in any event, the Court finds that the Magistrate Judge reached the correct result for the proper reasons. The Court adopts the reasoning of the Magistrate Judge with respect to these issues.

As for the substance of whether this Court has personal jurisdiction over Defendants, the Magistrate Judge addressed three alleged bases for personal jurisdiction and found that they were inadequate to raise a prima facie claim. Specifically, the Magistrate judge analyzed (i) Defendants' various websites that are available to Michigan residents, (ii) Way's past concert appearances in Michigan, and (iii) Way's possible celebrity representation of a company called Yum Shoes. The only one of these potential grounds to which Plaintiff filed objections is the Magistrate Judge's finding that Defendants' website does not subject Defendants to personal jurisdiction. In addition, Plaintiff objected to the Magistrate Judge's failure to allow Plaintiff to

supplement his response to Defendants' motion for summary judgment once the Magistrate Judge found that Defendants' conduct does not constitute a waiver.[1]

### a. Way's Concert Appearances and Way's Alleged Celebrity Representation

In analyzing challenges to personal jurisdiction, courts distinguish between "general" jurisdiction and "specific" jurisdiction. Third Nat'l Bank in Nashville v. WEDGE Group Inc., 882 F.2d 1087, 1089 (6th Cir. 1989). General jurisdiction is personal jurisdiction over the defendant to adjudicate claims not necessarily related to the defendant's contacts with the forum state, provided the defendant's contacts with the forum state are of a "continuous and systematic" nature. Bird v. Parsons, 289 F.3d 865, 873 (6th Cir. 2002). On the other hand, "[a]n exercise of specific jurisdiction is proper where the claims in the case arise from or are related to the defendant's contacts with the forum state." Intera Corp. v. Henderson, 428 F.3d 605, 615 (6th Cir. 2005). In order for a court to exercise specific jurisdiction, both the forum state's long-arm statute and constitutional concerns of due process must be satisfied. Onderik v. Morgan, 897 F.2d 204, 208 (6th Cir. 1989). Because the Court concludes that due process is not met, the Court need not address the Michigan long-arm statute and proceeds directly to the constitutional analysis. See King v. Ridenour, 749 F.Supp.2d 648, 651-652 (E.D. Mich. 2010).

> To determine whether due process is satisfied, the Court conducts a three-part test:
>
> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 150 (6th Cir.1997).

---

[1] Plaintiff did not file any objections in connection with his discovery or preservation motions.

The Magistrate Judge found that the only potential basis for general jurisdiction was Way's alleged involvement as a spokesperson for Yum Shoes. The Magistrate Judge found that this ground failed because (i) Plaintiff did not submit any evidence of Way's relationship with Yum Shoes and (ii) any connection to Michigan was mere speculation. Plaintiff did not object to this finding and, in any event, the Court agrees with the Magistrate Judge's reasoning and conclusion that there is no general jurisdiction over Defendants.

The Magistrate Judge found that Way's past Michigan concert appearances constituted a potential basis for specific jurisdiction, but that this ground failed because concert appearances are not connected to Plaintiff's alleged injury.[2] Plaintiff did not object to this finding and, in any event, the Court agrees with the Magistrate Judge's reasoning and conclusion that Way's concert appearances in Michigan do not subject him to personal jurisdiction.

### b. Defendants' Websites

The Magistrate Judge found that Defendants' websites, which are accessible in Michigan and everywhere else, constituted a potential basis for specific jurisdiction, but not general jurisdiction. This is consistent with Sixth Circuit precedent that the existence of a website may justify the exercise of specific jurisdiction, if the due process factors are satisfied, but that it cannot, under normal circumstances, form the basis for general jurisdiction. Bird, 289 F.3d at 874; see also King, 749 F.Supp.2d at 654 (only if a website "specifically target[s]" a forum can it serve as a basis for general jurisdiction"). Accordingly, the only contacts between Defendants's websites and Michigan that are relevant to personal jurisdiction are those contacts that give rise

---

[2] The Magistrate Judge rejected Plaintiff's argument that the potential for Way to take off his shirt during a performance – thereby exposing the allegedly infringing work that is tattooed on his chest – is insufficient to connect the injury of copyright infringement to Way's concert performances. The Court agrees.

to these particular copyright claims. The Court now analyzes the websites to determine if specific jurisdiction is warranted.

Defendants operate certain websites – listed in Plaintiff's discovery motion as souljaboyhd.com, sodmoneygang.com, sodmg-records.com, and store.souljaboytellem.com – that allow users in Michigan to purchase goods or contact Way for the purpose of booking a concert.[3] The Magistrate Judge found that these sites are too passive to constitute "purposeful availment," and thus could not form the basis for specific jurisdiction over Defendants in connection with Plaintiff's claims. In so finding, the Magistrate Judge relied on a test developed by Zippo Mfg. Co. v. Zippo DOT Com, 952 F.Supp. 1119 (W.D. Pa. 1997) and relied upon, in part, by the Sixth Circuit in Neogen Corp. v. Neo Gen Screening, 282 F.3d 883, 890 (6th Cir. 2002). This test of the interactivity of a website for the purpose of establishing personal jurisdiction is known as the "Zippo sliding scale." Under Zippo, a website that is "passive" ( i.e., merely offers information to the user) would not support jurisdiction while a website that is "interactive" ( i.e., allows the user to exchange information with the host computer) would support jurisdiction. Id. at 1124–1125. Plaintiff objects to the Magistrate Judge's conclusion that Defendants' website falls on the passive end of the Zippo scale, and argues that the Magistrate Judge's conclusion is inconsistent with Neogen and this Court's recent decision involving specific jurisdiction based on internet sites in McCluskey v. Belford High School, No. 09-cv-14345, 2010 WL 5525153 (E.D. Mich. 2010).

The website located at store.souljaboytellem.com allows internet users – including Michigan residents – to purchase albums, t-shirts, and posters. It also has a link labeled

---

[3] The Court notes that not all these websites appear to be currently operational. Accordingly, the Court bases its analysis on the parties' allegations of these sites' functionalities.

6

"Booking" that is not, as of the date of this Opinion, currently operational; rather, it forwards to Way's apparent new home page thedeandreway.com. However, according to the parties' briefing, it sent users to a form that allowed users to provide their contact information to Way's manager, who could then contact the user off-website (presumably by telephone or email).

The Court agrees with Plaintiff that the Magistrate Judge erred in characterizing these website functionalities as passive, even under Zippo.[4] The site allows users to consummate business transactions through the use of site's shopping cart functionality. This, by itself, arguably takes the site out of the "passive" end of the Zippo sliding scale. See Audi AG & Volkswagen of Am., Inc. v. Izumi, 204 F.Supp.2d 1014, 1021 (E.D. Mich. 2002) (finding purposeful availment where "the web site allows customers to purchase items and, at a minimum, attempts to solicit business from Michigan residents"). Moreover, the Court notes that Defendants' site souljaboyhd.com is an interactive social networking site that allows users to create profiles and communicate with each other via chat, video conferencing, and message boards / forums. Clicking on the "Members" link brings up the complete list of registered users, along with a search function to search for members based on various criteria. At present, the website reports that there are upwards of 200,000 total members. Searching for members with "MI" in the "City, State" field returns over 8,500 users. The websites in question are undoubtedly interactive for the purposes of Zippo analysis, and the Court does find evidence of purposeful availment of the privilege of conducting business in the state of Michigan.

However, regardless of whether Defendants purposefully availed themselves of the state's benefits and protections through the use of their website, the Court ultimately agrees with

---

[4] As this Court noted in McCluskey, the Zippo framework has been subject to criticism in recent years. McCluskey, 2010 WL 5525153 at *10.

the Magistrate Judge's conclusion that the motion to dismiss should be granted because the second prong of the due process test – that the cause of action must arise from the defendant's activities in Michigan – is not satisfied. In this case, Defendants' websites are not the cause of, and do not relate in any way to, Plaintiff's alleged injury. This is in stark contrast to the cases relied on by Plaintiff. In McCluskey, the defendant's website sold the allegedly fake diplomas that were the basis of the lawsuit. Both Neogen and Zippo were trademark infringement cases based on the trade name of the defendants; thus, the defendants' websites in those cases necessarily reflected the subject matter of the dispute. In contrast, this suit alleges infringement based on a slogan that does not appear on the identified websites. Similarly, the merchandise and services that are available for purchase via the web stores do not contain the allegedly infringing content. See Pride Distributors, Inc., No. 05-CV-7441-DT, 2007 WL 1098286, at *5 (E.D. Mich. April 10, 2007) (a website that did not contain the allegedly infringing material at issue does not give rise to long-arm jurisdiction in part because the website was not "the basis of the cause of action against Defendant").

The only instance Plaintiff cites where the allegedly infringing work occurs on any of Defendants' websites is in a single post by "ginomoedolla," a user of Defendants' message boards. A message board owner's copyright liability for its users' conduct is limited by the Digital Millenium Copyright Act's safe harbor provisions, 17 U.S.C. § 512 (see, e.g., Hendrickson v. eBay, Inc., 165 F.Supp.2d 1082 (C.D. Cal. 2001)), and in any event is not at issue as Plaintiff has not argued liability on the basis of indirect infringement. In assessing personal jurisdiction, the Court finds that a single post by a user on an internet message board is clearly insufficient to connect the cause of action to the forum state, even though the post is accessible to residents of that state.

### c. Plaintiff's Request to Supplement Briefing

Plaintiff objects to the R&R on the grounds that he was not given the opportunity to supplement his response to Defendants' original motion to dismiss once the Magistrate Judge rejected Plaintiff's argument that Defendants waived their personal jurisdiction contentions. The Court overrules this objection and denies Plaintiff's request to supplement the briefing. Plaintiff had ample opportunity to argue his case, and he did in fact present arguments in his motion to take discovery. Plaintiff chose this unorthodox route to present substantive arguments instead of presenting them in his response to Defendants motion; regardless, the Court does not believe that the matter is less than fully briefed given that the Court and the Magistrate Judge considered the arguments contained in Plaintiff's various motions. The Magistrate Judge had discretion whether to accept supplemental briefing and properly determined that there was no additional benefit to be had in allowing Plaintiff to supplement his response to Defendants' original motion. See Coger v. Primerica Life Ins. Co., No. 05-70001, 2007 WL 430778 at *5 (E.D.Mich. Feb. 5, 2007) (request to file supplemental briefing denied where parties "had ample opportunity to present to the Court all the evidence in their possession that supported their respective requests").

## IV. Conclusion

Based on the discussion above, the Court orders that Defendants' motion to dismiss for lack of personal jurisdiction (Dkt. 9) be granted, that Plaintiff's motion for leave to take discovery (Dkt. 12) be denied, and that Plaintiff's emergency motion for a preservation order (Dkt. 23) be denied. Plaintiff's claims against Defendants are dismissed, without prejudice.

SO ORDERED.

Dated: August 5, 2011  s/Mark A. Goldsmith
       Flint, Michigan MARK A. GOLDSMITH
       United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2011.

                                          s/Deborah J. Goltz
                                          DEBORAH J. GOLTZ
                                          Case Manager